JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Daniel Weeks and HaHa Harlow Holdings, LLC

**(b)** County of Residence of First Listed Plaintiff   Orange County, Florida
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Hamburg, Rubin, Mullin, Maxwell & Lupin, PC
1684 S. Broad St., Ste. 230, P.O.Box 1479
Lansdale, PA 19446-5422
(215) 661-0400

**DEFENDANTS**

Liberty Trade Corporation

County of Residence of First Listed Defendant   Bucks County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Breach of Contract

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.    **DEMAND $**    CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**    *(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
July 30, 2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

10/2024

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: Liberty Trade Corp., 1120 Industrial Blvd., Unit 3, Southampton, PA 18966-4014

---

*RELATED CASE IF ANY:*  Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.  Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify):*_____

*B.  Diversity Jurisdiction Cases:*

☒ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

ETHAN R. O'SHEA, ESQUIRE
IDENTIFICATION NO. 69713
**HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN**
1684 SOUTH BROAD STREET
P.O. BOX 1479
LANSDALE, PA  19446-5422
(215) 661-0400

34923-0000

ATTORNEY FOR PLAINTIFF
DANIEL WEEKS,

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL WEEKS<br>1218 Shelter Rock Road<br>Orlando, Florida  32806<br><br>and<br><br>HAHA HARLOW HOLDINGS, LLC<br>1218 Shelter Rock Road<br>Orlando, Florida  32835<br>               Plaintiffs<br><br>    v.<br><br>LIBERTY TRADE CORPORATION<br>1120 Industrial Boulevard, Unit 3<br>Southampton, Pennsylvania  18966-4014<br>               Defendant | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | NO.<br><br>**JURY TRIAL DEMANDED**<br>Jury of Twelve (12) |

### COMPLAINT

Plaintiffs, Daniel Weeks and HaHa Harlow Holdings, LLC, by their attorneys, Hamburg, Rubin, Mullin, Maxwell & Lupin, P.C., hereby file the above-captioned cause of action whereby the following is a true and correct statement:

### INTRODUCTION

Plaintiff, Daniel Weeks, is the sole owner and managing member of Plaintiff, HaHa Harlow Holdings, LLC.  Mr. Weeks has over 35 years experience in the food retail and distribution business.  Defendant, Liberty Trade Corporation is a candy packaging and wholesale distribution

company that provides packaging and distribution services to candy wholesalers. In 2022 Plaintiffs reached a verbal agreement with Liberty to provide sales consulting services to Liberty in exchange for which Liberty would pay Plaintiffs $5,000 per month plus 3% of gross sales on contracts secured by the Plaintiffs. In 2023 Plaintiffs introduced Liberty to Ahold Delhaize USA, a division of global food retailer Ahold Delhaize. Ahold owns grocery chains including Food Lion, Giant Food, the Giant Company, Hannaford, and Stop and Shop. Plaintiffs negotiated and secured a three year contract with Ahold for Liberty to distribute candies to the Ahold family of grocery stores. Plaintiffs were the face of Liberty and managed the contract with Ahold. In October of 2025 after months of continued negotiations led by Plaintiffs, Plaintiffs secured a new three year contract with Ahold with anticipated sales well in excess of five million dollars per year. On January 8, 2026 Liberty terminated Plaintiffs' services without warning and ceased paying Plaintiffs the 3% commission that Liberty had been paying consistently on the Ahold contract and other contracts secured by the Plaintiffs. Liberty terminated its agreement with Plaintiffs so that it was no longer burdened with the 3% commission and could keep all profits for itself. Plaintiffs bring this cause of action to secure the commission payments to which they are entitled, and for damages stemming from Liberty's improper interference with Plaintiff's contract with another client.

## PARTIES

1.      Plaintiff, Daniel Weeks ("Weeks") is an adult individual currently living at 1218 Shelter Rock Road, Orlando, Florida 32835.

2.      Plaintiff, HaHa Harlow Holdings, LLC ("HaHa") is a limited liability company formed and existing in the state of Florida with a principal place of business at 1218 Shelter Road Road, Orlando, Florida 32835. Mr. Weeks is the owner and managing member of HaHa.

3. Defendant, Liberty Trade Corporation ("Liberty") is a corporation formed and registered in the Commonwealth of Pennsylvania with a principal place of business at 1120 Industrial Boulevard, Unit 3, Southampton, Pennsylvania 18966-4014.

## JURISIDCTION AND VENUE

4. This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. §1332(a) inasmuch as there is complete diversity between the parties and the Plaintiffs' claims in this matter exceed $75,000.00.

5. Venue is proper in the Eastern District of Pennsylvania because Liberty is located in Bucks County, Pennsylvania and the facts and circumstances giving rise to this cause of action occurred in Bucks County, Pennsylvania.

## FACTS OF THE CASE

6. Mr. Weeks is the sole owner and managing member of HaHa. Mr. Weeks has over 35 years experience in the food retail and distribution business.

7. Liberty is a packaging and distribution company that, according to its website, provides end-to-end candy packaging and distribution services and is a trusted partner for bulk candy wholesale for customers throughout the world delivering their products to retailers across the United States.

8. In 2021, before Mr. Weeks created HaHa, Mr. Weeks was employed as the Vice President of sales for Florestal USA, a Florida company engaged in the business of distributing candy made by Florestal, a large Brazilian candy producer.

9. In June of 2021, Mr. Weeks was working at a candy expo manning the Florestal booth where he first met Anatoli Kenis, one of Liberty's owners.

10.    Not long thereafter Mr. Weeks arranged a meeting with Liberty at Liberty's distribution center in Pennsylvania, the result of which was that Liberty began to buy Florestal candy and sell it via ecommerce platforms.                                          .

11.    Liberty's distribution business was then almost entirely conducted via ecommerce and it did considerable business through Amazon.  Liberty had virtually no retail distribution to brick and mortar supermarkets or similar businesses.

12.    In early 2022 Mr. Weeks decided to leverage his decades in the retail food industry and work for himself providing sales consulting services to candy manufacturers and distributors. He resigned his employment with Florestal but continued to provide consulting services to Florestal as an independent contractor.

13.    At around the same time Mr. Weeks approached Liberty and offered his sales and consulting services in order to grow Liberty's sales and expand Liberty's reach into retail markets. Liberty agreed to retain the services of Mr. Weeks and pay him a flat fee in the amount of $5,000.00 per month plus a 3% commission on all gross sales that he secured for Liberty.

14.    In October of 2022, Mr. Weeks formed HaHa through which he conducted his consulting business and from that point forward all monthly payments and commission payments were paid to HaHa.

15.    Mr. Weeks's agreement with Liberty was not reduced to writing but was a verbal contract that Liberty honored, and Liberty paid Plaintiffs accordingly.

16.    Beginning in 2022 and continuing thereafter Mr. Weeks and HaHa led every aspect of Liberty's retail expansion including relationship development, product positioning, buyer engagement, buyer negotiations, presenting on behalf of Liberty at trade shows, and contract execution.

17.    In June of 2023 Mr. Weeks and HaHa secured a three year contract for Liberty with Ahold Delhaize, USA ("Ahold"), a major grocery retail buying group representing multiple large supermarket chains including The Giant Company, Giant Food Stores, Food Lion, Stop and Shop and Hannaford, which together consist of more than 2,100 stores in the United States.

18.    Plaintiffs were central in initiating, developing and securing the relationship with Ahold and obtaining the contract on behalf of Liberty.  Plaintiffs were solely responsible for nurturing the relationship and addressing and overseeing operational challenges with the contract.

19.    Mr. Weeks maintained constant communication with Ahold through the life of the contract and was in fact Ahold's point of contact for Liberty.

20.    In the one-year period ending September 13, 2025 Liberty's total gross sales to the Ahold family of grocery stores amounted to $5,278,101.00, and through the life of the contract Liberty paid Plaintiffs $5,000.00 per month and 3% commission on all sales as the parties had originally agreed.

21.    Throughout 2025, Mr. Weeks continued to nurture the relationship and manage the Ahold contract. He also began discussions and led negotiations regarding a new three-year contract.

22.    In or around October 2025, as a direct result of Plaintiffs' ongoing efforts on behalf of Liberty, Liberty and Ahold came to an agreement on a new three-year contract by which Liberty would continue to distribute candy products to Ahold's family of grocery stores throughout the United States under Ahold's private label program.

23.    Sales had grown year after year during the initial three-year contract and were projected to grow considerably over the next three years.

24.    Plaintiffs are not privy to the final written signed agreement between Liberty and Ahold but it is believed and therefore averred that the contract was executed in the latter part of 2025 or early 2026.

25.    Plaintiffs were the procuring cause of the new contract with Ahold.

26.    On January 8, 2026 without warning Liberty terminated its services contract with Plaintiffs during a Zoom meeting and immediately ceased all further commission payments.

27.    It is believed and therefore averred that Liberty terminated its services contract with the Plaintiffs for the sole purpose of avoiding further commission payments in order to increase its own profits.

## COUNT I – BREACH OF CONTRACT

28.    Plaintiffs incorporate by reference the preceding paragraphs 1 through 25 as if same were sent forth herein at length.

29.    Plaintiffs and Liberty had a binding agreement by which Liberty agreed to pay Plaintiffs commissions at the rate of 3% of sales for all sales that Plaintiffs procured on behalf of Liberty, including but not limited to Ahold.

30.    Plaintiffs complied with all terms and conditions of the contract with Liberty and performed services as agreed.

31.    Plaintiffs were the sole procuring cause of Liberty's contract with Ahold in 2023 and the new three-year contract secured in 2025.

32.    Liberty has breached its contract with the Plaintiffs by failing to pay commissions on sales to Ahold and other companies after January 8, 2026, which breach has caused and will continue to cause Plaintiffs to suffer damages that well exceed $150,000.00.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered in their favor and against Defendant and that Defendant be ordered to pay Plaintiffs damages equal to an amount of 3% of all sales to Ahold and other companies from January 8, 2026 through the date of judgment, and damages equal to 3% of the expected amount of sales through the end of Liberty's contract with Ahold and other companies reduced to present day value, plus costs, prejudgment and post-judgment interest.

## COUNT II – UNJUST ENRICHMENT

33.    Plaintiffs incorporate by reference the allegations set forth at paragraph (1) through (32) above as if same were set forth at length herein.

34.    By procuring contracts and sales on behalf of Liberty with Ahold and other customers Plaintiffs have conferred benefits upon Liberty.

35.    Liberty has appreciated the benefits conferred upon it by Plaintiffs.

36.    Liberty has accepted and retained the benefits conferred upon it by Plaintiffs under such circumstances that it would be unjust and inequitable for Liberty to retain those benefits without payment for value to Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered in their favor and against Defendant and that Defendant be ordered to pay Plaintiffs damages equal to an amount of 3% of all sales to Ahold and other companies from January 8, 2026 through the date of judgment, and damages equal to 3% of the expected amount of sales through the end of Liberty's contract with Ahold and other companies reduced to present day value, plus costs, prejudgment and post-judgment interest.

## COUNT III – TORTIOUS INTERFERENCE WITH CONTRACT

37.     Plaintiffs incorporate by reference the allegations set forth at paragraph (1) through (36) above as if same were set forth at length herein.

38.     After Mr. Weeks resigned his employment with Florestal in early 2022, he quickly reached an agreement with Florestal to provide sales consulting services to Florestal as an independent contractor, which services continued through HaHa after its formation.

39.     For the consulting services, Florestal paid Plaintiffs in excess of $50,000.00 per year on a commission basis.

40.     It is believed and therefore averred that in late 2025 or very early 2026 Liberty contacted Florestal and advised Florestal that at the same time Florestal was paying Plaintiffs for consulting services, Mr. Weeks was also an employee of Liberty.

41.     That was not true. At no time was Mr. Weeks an employee of Liberty. Moreover, it is believed and therefore averred that the sole purpose of Liberty contacting Florestal was to damage the relationship between Plaintiffs and Florestal.

42.     Liberty's disclosure to Florestal had the desired effect. On January 8, 2026 Florestal terminated its consulting services agreement with Plaintiffs and ceased paying any further commissions.

43.     Plaintiffs had a contractual relationship with Florestal.

44.     Liberty acted intentionally to interfere with and harm Plaintiffs' contractual relationship with Florestal without justification or privilege.

45.     As a direct and proximate result of Liberty's actions, Plaintiffs have suffered actual damages in the form of lost commissions.

#4007808v1                                          8

46.     Liberty's actions were intentional, reckless and outrageous to the extent that Plaintiffs are entitled to an award of punitive damages.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered in their favor and against Defendant and that Defendant be ordered to pay Plaintiffs damages equal to the amount of commissions that Plaintiffs would have received from Florestal, plus pre-judgment and post-judgment interest, costs and punitive damages.

Respectfully submitted,

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN

By: _____
ETHAN R. O'SHEA

DATE: July 30, 2026

#4007808v1                                      9